**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Lynn Krieg,<br><br>               Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>               Defendant. | No. CV-14-08104-PCT-DGC<br><br>**ORDER** |

Plaintiff Deborah Lynn Krieg seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     Background.**

Plaintiff, a 58-year-old female, has a high school education and formerly worked as a bartender and a line cook. On June 20, 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2008. On March 22, 2013, she appeared with her attorney and testified at a video hearing before the ALJ. A vocational expert also testified. On July 12, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing

decision on November 4, 2013, making the ALJ's decision the Commissioner's final decision.

## II. Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III. The ALJ's Five-Step Evaluation Process.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to

be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2010, and that she has not engaged in substantial gainful activity since January 1, 2008. A.R. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: right sacroiliac joint dysfunction with some degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, and history of polysubstance dependence. A.R. 20. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> medium work . . . with the following exceptions[:] [t]he claimant can lift and/or carry thirty pounds occasionally and twenty pounds frequently[,] [t]he claimant can stand and/or walk for about six hours in an eight-hour workday and sit for about six hours in an eight-hour work [day][,] [t]he claimant can never climb ladders, ropes, or scaffolds[,] [t]he claimant can occasionally climb ramps or stairs, balance, stoop, crouch, and crawl[,] [t]he claimant has no restrictions on kneeling[,] [t]he claimant should avoid moderate exposure to hazardous machinery, avoid concentrated exposure to excessive vibration, avoid concentrated exposure to irritants, such as fumes, odors, dusts, gases, etc., and avoid moderate exposure to unprotected heights and operational control of moving machinery, excluding an automobile.

A.R. 21. The ALJ further found that Plaintiff is able to perform her past relevant work as a bartender or line cook. A.R. 25. Although this ended the disability inquiry, the ALJ alternatively found that at step five, considering Plaintiff's age, education, work

1 experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. A.R. 26.

**IV.    Analysis.**

Plaintiff argues the ALJ's decision is defective for two reasons: (1) the ALJ erred in finding that Plaintiff can perform past relevant work, and (2) the ALJ improperly discounted the opinion of Plaintiff's treating nurse practitioner, Jill Lary. The Court will address each argument below.

**A.    Past Relevant Work.**

At step four, the ALJ found that Plaintiff had past relevant work as a line cook, an electrical worker, and a bartender. A.R. 25. In light of Plaintiff's RFC, she could still work as a line cook and a bartender. *Id.* Plaintiff argues that her work as a bartender does not qualify as past relevant work under the regulations because she did not earn wages at the substantial gainful activity threshold in 2001.[1]

"Past relevant work" is defined as work that was performed within the last fifteen years, which lasted long enough for the claimant to learn how to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565. "The [SSA] grants to the Secretary the authority to determine when labor performed or earnings derived from labor constitute the ability to engage in substantial gainful activity." *Byington v. Chater*, 76 F.3d 246, 248 (9th Cir. 1996) (citing 42 U.S.C. § 423(d)(4)). Substantial gainful activity is work "that involves doing significant physical or mental activities . . . for pay or profit," and includes part-time work. 20 C.F.R. § 416.972(a), (b). "[E]arnings are a factor in a determination of whether [a claimant's] work amounted to substantial gainful activity, but as the regulations make clear, are not determinative." *Byington*, 76 F.3d at 250 (citing 20 C.F.R. § 404.1575(a)). "There is a rebuttable presumption that the employee either was or was not engaged in substantial gainful activity if the employee's average monthly earnings are above or below a certain amount established by the

---

[1] Plaintiff does not argue that she is unable perform the physical and mental demands of a bartender given her RFC.

- 4 -

Commissioner's Earnings Guidelines." *Baxla v. Colvin*, 45 F. Supp. 3d 1116 (D. Ariz. 2014); *see also* 20 C.F.R. § 416.974(a)(1) ("Your earnings may show you have done substantial gainful activity."). The court should also take into account "the numbers of hours worked, the duties [claimant] performed, and [claimant's] level of responsibility." *Id.* at 249.

Plaintiff submitted evidence that in 2001 she earned $3,883.26 as a bartender. A.R. 213. Plaintiff therefore asserts that she earned only $323.61 per month that year ($3,883.26/12 months), less than the 2001 SGA threshold of $740 per month. The Court has two concerns about this assertion. First, Plaintiff's pay records show that she earned $8 per hour, which presumably did not include tips, and yet she has provided no evidence concerning the amount earned in tips. Second, Plaintiff's pay statements do not indicate how many months she worked in 2001, so the monthly calculation cannot be made. *See*, *e.g.*, *Anderson v. Heckler*, 726 F.2d 455, 457 (8th Cir. 1984) ("The plaintiff's method of averaging her wages received during a calendar year over all the months in that year, whether plaintiff was employed during those months or not, circumvents the purpose for determining whether an applicant engaged in [SGA]."); *Ruiz v. Astrue*, 2011 WL 1648792, at *4 (S.D. Cal. May 2, 2011) ("[T]he tax records indicate only earnings from an employer during a calendar year – not the number of months worked by the individual during that year – and therefore do not clearly establish that [claimant] earned less than [the threshold].").

Even if Plaintiff's monthly income fell below the threshold set out in the Earnings Guidelines, the presumption against substantial gainful activity is rebuttable and has been rebutted here. *See Soria v. Callahan*, 16 F. Supp. 2d 1145, 1149-51 (C.D. Cal. 1997) (citing *Byington*, 76 F.3d at 250)); *see also Fuentes v. Colvin*, 2015 WL 631969, at *10 (W.D.N.Y. Feb. 13, 2015) (noting that "the regulatory threshold levels are only guidelines, and work activity that falls short of the guidelines may still be considered past relevant work as long as it involved physical or mental activity and is the type of work typically conducted for pay"). Plaintiff does not dispute that her prior work as a

bartender involved "doing significant physical and mental activities." 20 C.F.R. § 416.972(a). The record shows that she worked 8 hours per day and three days per week, earning $8 per hour (which presumably did not include tips). A.R. 213, 243. Although she earned only $3,883.26 in 2001 and $276.50 in 2002 (not counting tips), earnings are not dispositive. *Byington*, 76 F.3d at 250 (citing 20 C.F.R. § 404.1575(a)). Plaintiff engaged in significant physical or mental activities for pay on a part-time basis, qualifying her bartending as past relevant work. § 416.972(a), (b). In addition, the work was gainful because it is usually performed for pay. *See id.*, § 416.972(b). The Court concludes that her bartending was properly considered past relevant work by the ALJ.

Plaintiff also argues that she is unable to perform her past work as a line cook because it requires constant standing and/or walking, which is inconsistent with her RFC. She claims this job requires standing the entire workday, something she cannot do. Whether the claimant can perform past relevant work depends on her RFC. 20 C.F.R. § 404.1545(a)(5)(i). "An ALJ may use the testimony of a vocational expert to determine whether the claimant can perform past relevant work." *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (citing 20 C.F.R. § 404.1566(e)).

The ALJ found that Plaintiff had the RFC to "stand and/or walk for about six hours in an eight-hour workday and sit for about six hours in an eight-hour work [day]." A.R. 21. At the hearing, the vocational expert opined that work as a line cook is a "light work" occupation that is performed "almost entirely standing and walking." A.R. 89. The vocational expert also concluded that an individual with Plaintiff's RFC could perform such work. A.R. 91-92. Plaintiff does not challenge her RFC or the vocational expert's characterization of line cook work. Instead, she claims the two are incompatible, but fails to provide any evidence demonstrating that work as a line cook requires standing the *entire* eight-hour day. Plaintiff cites the Occupational Outlook Handbook, which provides that "[c]ooks usually must stand for *long periods*," Doc. 15 at 8 n.21, but this is insufficient to undermine the vocational expert's testimony or the ALJ's decision, *see Orn*, 495 F.3d at 630 (noting that decision should only be reversed if it is not supported

by substantial evidence). Although the evidence may be susceptible to more than one interpretation, the ALJ reasonably relied on the evidence in the record and the testimony of the vocational expert, and the decision will be upheld. *See Thomas*, 278 F.3d at 954.[2]

Finally, even if the ALJ erred in finding Plaintiff could perform any of her past relevant work, the Court finds the error harmless because the ALJ also reasonably relied on the vocational expert's testimony that there are a multitude of jobs Plaintiff could perform given her RFC. A.R. 87-89 (noting Plaintiff could perform work as a mail room clerk, electronics worker, and routine office helper). Thus, the ALJ would have found Plaintiff not disabled at step five (a fact Plaintiff does not challenge) even if she could not do her past relevant work, and the ultimate disability determination would not have been affected. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (noting that an error is harmless if there remains substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination).

**B.     "Other Medical Source" Opinion.**

The ALJ gave "little weight" to the opinion of Plaintiff's treating nurse practitioner, Jill Lary. A.R. 25. Plaintiff claims that the ALJ failed to support her decision with specific reasons supported by substantial evidence. Plaintiff cites to the wrong standard by which the Court reviews the ALJ's decision to discount this type of medical source opinion.

The Social Security Regulations differentiate between "acceptable" medical sources, which include licensed physicians, psychologists, optometrists, and podiatrists, and "other" medical sources, which include nurse-practitioners, physicians' assistants, and public and private social welfare agency personnel. 20 C.F.R. § 416.913(a) & (d).

---

[2] Plaintiff also argues that the vocational expert's characterization of Plaintiff's RFC as "light-medium work" along with the fact that she has no transferable skills renders her disabled under the Medical-Vocational Guidelines, Rule 202.06. This argument takes the testimony out of context because the vocational expert was responding to a modified hypothetical posed by the ALJ. A.R. 89-91. In addition, the vocational expert testimony is not dispositive, and the ALJ did not ultimately place Plaintiff's RFC in the "light" work category. A.R. 21 (noting Plaintiff can perform medium work with some restrictions).

ALJs may not discount "other" medical sources without explanation, but they may afford them less weight if the ALJ provides "germane" reasons. *Ghanim*, 763 F.3d at1161. A germane reason includes the fact that an opinion is inconsistent with objective medical evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ provided two germane reasons for discounting Ms. Lary's opinion. A.R. 422-25. First, she noted that the opinion was not consistent with the objective medical evidence in the record. She noted that none of the other reviewing physicians found that Plaintiff had any loss of motor strength, which is confirmed by the clinical evidence indicating that Plaintiff had only a mild to moderate degenerative disc disorder with normal to mild lower extremity strength. A.R. 23. The record contains no evidence that Plaintiff could not stand or walk because of her condition, which conflicts with Ms. Lary's report that Plaintiff could not stand at all during work and could not walk more than one hour during the workday. A.R. 24, 422. Second, the ALJ concluded that much of Ms. Lary's opinion appeared to record Plaintiff's self-reported symptoms, which the ALJ determined was not a credible source. Indeed, the reports merely check the level of limitation without providing any evidence in support (A.R. 422-25), and Plaintiff does not dispute the ALJ's assessment of her own credibility. Accordingly, the ALJ provided germane reasons for discounting the opinion of Ms. Lary.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 13th day of April, 2015.

_____
David G. Campbell
United States District Judge